PROVOSTY, J.
This is a suit for divorce by husband against wife on the ground that the defendant—
*725 “has been living a lewd and abandoned life, and that since June 26, 1906, petitioner has not lived with her. That since that time she has been living continuously in open adultery with various men, and particularly with two dagoes by the names of Frank and Angelo, also with one Vial, a street car conductor.”
The learned trial judge rejected plaintiff’s demand for reasons orally assigned by him and taken down by the stenographer, as follows:
“Plaintiff has utterly failed to prove that his wife lived in open adultery with the three men named in the petition, but claims to have shown that she was guilty of adultery with men to him unknown. The first witness upon whose testimony he relied admitted having kept, at one time, a rooming or assignation house, and having lived seven months in another kept by a niece of his wife’s sister. He had no occupation. His manner of testifying impressed me unfavorably. He pretended to have met defendant once in the fall of 1907 in an assignation house, and to have ascertained from her both her maiden and married names while she was seated on his lap. It is incredible that a married woman, who had every reason to conceal her identity, should on first acquaintance have become so confidential towards a stranger whom she was never to meet again under similar circumstances as to divulge to him not only her marriage but her maiden name. It is equally incredible that immediately afterwards he should have chanced to mention the occurrence to a barroom friend of the plaintiff who was just then looking for evidence to secure a divorce. Again, it is hardly credible that the witness should have preserved so vivid a recollection of the features of a woman whom he had seen but once that he could recognize her in court more than two years afterwards. Consider, too, his solicitude in trying to secure the attendance in court of a prostitute whose testimony plaintiff desired to obtain, and who for some reason not given was not produced — and the conviction becomes firm that his testimony is without value.
“The other witness for plaintiff was a private watchman whose residence was in the rear of that of the defendant, on Hagan avenue, and ■separated from it by a picket fence. His hostility to defendant was manifested at the outset of his examination when, in answer to the question, ‘What do you know about her?’ he blurted out: T know nothing good about her. I know that once or twice I ran people out that used to walk in the back door, coming out through my lot. I ran them out of my yard. I was watchman for Maestri, and on different occasions told her that I wanted that back-door racket stopped.’ His story that men went into the defendant’s house in front and then slipped out in the rear, through a hole in the picket fence, is without the semblance of truth. Men who would retire by the back door in order to avoid detection would be careful not to be seen entering by the front door. They would use the back as an entrance and as an exit. The witness contradicted his statement that he had asked the defendant on different occasions to stop that back-door racket, when he said: T told her on Sunday morning, * * * I ,don’t remember the month or date, * * * but on Sunday morning she came to me when I was in the yard, after I ran out and another man got out of the house, and she said did I have anything against her? I said, “No, but wanted that game stopped, and that’s all.” Then it was stopped, * * * unless they done it when I wasn’t there.’ He also swore that he had never mentioned the back-door matter to any one, but was made to admit that he had told plaintiff and his father about it. I place absolutely no faith in his testimony.
“The only other evidence offered by plaintiff consists of an affidavit made by defendant in the course of the criminal proceedings entitled State of Louisiana v. Joseph Quarrello, before the criminal district court for this parish. That was a prosecution under Act 134 of 1890. The alleged victim was named Sidonia De George. Quarrello, who had been convicted, sought to obtain a new trial on the ground, among others, that she had had illicit intercourse with men before the time of the crime. In support of that ground he presented an affidavit by defendant in which she said, in part: ‘About the 17th day of January, 1907, I was living at 819 Hagan avenue, in this city. On said 17th day -of January, 1907, at about half past 9 in the morning, Sidonia De George called at my house. She was in the company of a young man whom I didn’t know but would recognize him if I saw him again. I do know that it was not Joseph Quarrello, but other man. She engaged a room at my house, and she and the young man occupied the room together. She remained in my house until about 2 o’clock in the afternoon. The young man left about 2 o’clock.’
“It is argued that this affidavit proves conclusively that she was conducting an assignation house at the time mentioned.
“The affidavit was received in evidence over the defendant’s objection that ‘the husband cannot be witness against his wife, nor wife for or against her husband.’ I am not satisfied that my ruling was correct. I know that there is authority for admitting evidence of that character; but it seems to me inconsistent to recognize in the prohibition of article 2281, Revised Civil Code, a rule of public .order so stringent that the testimony of husband or wife in divorce cases, .even though introduced without objection, must be disregarded, and yet to receive in evidence the statements and declarations of the spouses, which they cannot be heard to explain, qualify, or contradict. That is doing indirectly what cannot be done directly under the statute. Had defendant answered admitting that she was an adulteress, as averred in the petition, it is not pretended that plaintiff could have obtained a judgment by confession; he would have been obliged to prove his de *727 mand regardless of the admissions. How,_ then, can he be permitted to avail himself of similar admissions made outside of the record.
“If, however, the affidavit is considered, what does it prove? That on one occasion defendant harbored at her home for a few hours a questionable couple. But that does not prove that she made a business of receiving all comers for immoral purposes, nor does it prove that she was guilty of adultery; and that is what plaintiff has assumed to establish.
“It is my firm belief that defendant’s witnesses spoke the truth when they said that there ivas nothing improper in her conduct whilst she lived on Hagan avenue.
“Plaintiff’s father would not have gone daily with marketing for the children, nor would plaintiff himself have called there to see his children, had she been the lewd and dissolute creature pictured by the private watchman.
“Let there be judgment rejecting plaintiff’s demand, at his cost.”
The record, offers no sufficient reason for our saying that the learned trial judge has erred on his appreciation of the evidence.
Judgment affirmed.
SOMMERVILLE, J., takes no part herein.